IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIK W.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24 C 4865 |
| v. ) | |
| ) | Magistrate Judge |
| LELAND DUDEK, Acting ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Erik W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [15] is granted in part.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Leland Dudek has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

**BACKGROUND**

I. **PROCEDURAL HISTORY**

On January 8, 2022, Plaintiff filed a claim for DIB, alleging disability since May 6, 2021. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on August 14, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On October 19, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

II. **ALJ DECISION**

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 6, 2021. At step two, the ALJ concluded that Plaintiff had severe impairments of bipolar disorder and anxiety. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; can deal with occasional changes in a routine work setting; and can have no public interaction. At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as a store laborer. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

**I.     ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in selectively discounting clinical findings from the consultative examining expert; (2) the ALJ erred in discounting Agency expert opinion evidence; and (3) the ALJ's symptom assessment was deficient.

For his first argument, Plaintiff contends that the ALJ erred in evaluating the findings and opinions of consultative examiner Fred Klug, Ph.D., a licensed clinical psychologist retained by the Social Security Administration to perform a one-time examination of Plaintiff. ([15] at 4-9; [24] at 7-8.) Under the applicable regulations governing an ALJ's assessment of medical opinion evidence, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical

6

sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In her decision, the ALJ noted Dr. Klug's opined limitations, including his findings that Plaintiff had "'marginal' short-term memory with retrieval deficits," a "restricted" fund of knowledge, and "poor" judgment, insight, and ability to do simple calculations. (R. 25.) However, the ALJ found "the opinions of consultative psychologist, Dr. Klug . . . unpersuasive overall." (*Id.* at 26.) In discounting Dr. Klug's report, the ALJ reasoned generally that Dr. Klug's findings were "out of proportion to the preponderance of the objective medical and other evidence of record in its entirety." (*Id.* at 25.) The ALJ further reasoned that "[t]he consultative psychologist's findings appear primarily based on claimant's subjective complaints to him, rather than actual objective medical findings." (*Id.*) Additionally, the ALJ reasoned that "the psychologist arrived at [his] conclusions after on [sic] a one-time evaluation, and with the evaluation doing [sic] via video – not in-person." (*Id.*) The Court agrees with Plaintiff that the latter reasons provided by the ALJ are faulty.

As an initial matter, the Court reiterates that Dr. Klug was retained by the Social Security Administration to perform a consultative examination. The Seventh Circuit has noted that an ALJ rejecting or discounting a consultative examiner's opinion "can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir.

7

2014). In keeping with that admonition, the Court finds that the ALJ erred in discounting Dr. Klug's findings because they were based on Plaintiff's subjective reports. Courts have recognized that "a psychological assessment is by necessity based on the patient's report of symptoms and responses to questioning; there is no blood test for bipolar disorder." *Aurand v. Colvin*, 654 F. App'x 831, 837 (7th Cir. 2016). As such, it was "illogical" in this case for the ALJ "to dismiss the professional opinion of an examining psychiatrist or psychologist simply because that opinion draws from the claimant's reported symptoms." *Id. See also Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015) ("[P]sychiatric assessments normally are based primarily on what the patient tells the psychiatrist, so that if the [ALJ] were correct, most psychiatric evidence would be totally excluded from social security disability proceedings."); *Alison M. v. Berryhill*, No. 18 C 1248, 2019 WL 2269978, at *4 (N.D. Ill. May 28, 2019) ("And of course the consulting psychiatrist's findings are based on Alison M's subjective complaints. That's how mental healthcare works.").

The Court also finds that the ALJ erred in discounting Dr. Klug's report because it was based on a "one-time evaluation" conducted via videoconference. As to the latter issue, Plaintiff points out that a large body of accumulated evidence indicates that videoconferencing-based telepsychiatric assessments are reliable, and clinical outcomes of telepsychiatric interventions are comparable to conventional treatment among diverse patient populations, ages, and diagnostic groups, and on a wide range of measures. ([15] at 6.) As far as the one-time nature of Dr. Klug's examination, that is precisely what the Social Security Administration retained Dr.

8

Klug to perform. While Dr. Klug's evidence was based upon a single examination, a consultative examination is a one-time examination with a professional who is qualified to extrapolate from that limited interaction the extent of a claimant's work-related restrictions. To find a consultative examiner's evidence unpersuasive because it is based upon a single interaction nullifies the need for a consultative examination. *See Washington v. Colvin*, No. 2:14-CV-421-PRC, 2016 WL 770870, at *9 (N.D. Ind. Feb. 29, 2016) ("Although the ALJ is correct that Dr. Gupta's opinion was based on a one-time assessment, the ALJ incorrectly used that as a basis for giving the opinion less weight under the circumstances. By its very nature, a consultative examination by a state agency doctor is a one-time event.").

In addition to these errors, to the extent Dr. Klug offered opinions, the ALJ's assessment of those opinions is fundamentally deficient because the ALJ failed to expound upon the supportability of the opinions. Supportability means "how well the objective medical evidence and supporting explanations presented by a medical source support the opinion." *Marnie M. v. O'Malley*, No. 20 CV 7511, 2024 WL 3650212, at *4 (N.D. Ill. Aug. 5, 2024) (citation omitted). The Court finds that the ALJ erred here in that she did not specifically analyze the support (or lack thereof) provided by Dr. Klug. *See Steven H. v. Kijakazi*, No. 20-CV-50181, 2022 WL 972328, at *5 (N.D. Ill. Mar. 31, 2022) ("[T]he ALJ never sufficiently addressed the key issues of consistency and supportability in addressing the medical opinions."); *Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) ("The ALJ thus failed entirely to explain the supportability of the consultants'

9

opinions, and only identified a conclusion – as opposed to an explanation – with respect to the consistency of the consultants' opinions with the record."). Ultimately, the shortcomings in the ALJ's assessment of Dr. Klug's opinions require that this matter be remanded. *See Fatime I. v. Kijakazi*, No. 20 CV 3603, 2022 WL 4605081, at *5 (N.D. Ill. Sept. 30, 2022).

Plaintiff also attacks the ALJ's subjective symptom analysis. As part of his argument on that topic, Plaintiff contends that the ALJ did not properly evaluate his activities of daily living. ([15] at 13-14.) Pertinent to that assertion, the ALJ noted Plaintiff's testimony that "he spends his day doing generally tasks/chores 'now and then,' walks his dog, and exercises when possible." (R. 21.) The ALJ further noted that Plaintiff reported that "he has 2 friends whom he sees twice per month and maintains general socialization." (*Id.*) Additionally, the ALJ noted Plaintiff's testimony that "he plays video games 'a couple times each week for an hour or two' and . . . he had gone on a trip this past summer with his girlfriend to Cape Cod." (*Id.*) However, beyond noting Plaintiff's activities, the ALJ did not provide any explicit analysis of how the activities impacted her assessment of Plaintiff's alleged symptoms.

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . .

10

. complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Here, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficient. The ALJ did not adequately explain how, for instance, Plaintiff's ability to walk his dog, play video games, and go on a single vacation contradicted Plaintiff's alleged disabling mental deficits. *See Galarza v. Berryhill*, No. 17 C 3804, 2018 WL 4489584, at *3 (N.D. Ill. Sept. 19, 2018) ("[T]he ALJ gave no rationale for his conclusion that Plaintiff's ability to complete certain household chores and watch television equates to the level of sustained concentration required for competitive employment."); *Phillips v. Berryhill*, No. 17 C 4509, 2018 WL 4404665, at *8 (N.D. Ill. Sept. 18, 2018) ("[T]he ALJ does not explain how reading, watching television, playing computer games, and completing crossword puzzles – physically undemanding activities that Plaintiff

11

could stop doing whenever she needed or wanted to – are inconsistent with her description of 'fairly limited' daily activities."). Indeed, it is unclear to the Court whether the ALJ believed Plaintiff's particular daily activities supported or detracted from his alleged symptoms. Ultimately, the inadequacy of the ALJ's symptom analysis is another error requiring that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of the medical opinion evidence is properly evaluated and Plaintiff's symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [15] is granted in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                           **ENTERED:**

**DATE:**    **March 17, 2025**

                                            **HON. DANIEL P. McLAUGHLIN**
                                            **United States Magistrate Judge**